UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD TAYLOR, *et al.*, | |
| Plaintiffs, | Case No. 11-CV-01360-KJD-CWH |
| v. | **ORDER** |
| ARIA RESORT & CASINO, LLC, *et al.*, | |
| Defendants. | |

Presently before the court is the Motion to Amend (#32) filed by Plaintiffs Taylor, *et al.* ("Plaintiffs"). Defendant Aria Resort &Casino, LLC ("Aria") filed an opposition (#37) to which Plaintiffs replied (#44). Also before the Court is Aria's Motion to Dismiss Plaintiffs' Loss of Consortium Claims (#8), and the Motion to Dismiss Plaintiffs' Punitive Damages Claim (#9). Also before the Court is the Motion to Dismiss Improper Defendants (#7) filed by MGM Resorts International, *et al*.

**I. Background**

Plaintiffs assert that for varying periods of time between April 24, 2011, and July 2, 2011, Plaintiffs were paying guests and business invitees at the Aria. Plaintiffs assert that during their stay at the Aria they availed themselves to the use of the shower, faucets, and other water systems in the

hotel. Plaintiffs assert they inhaled and ingested the water because it steamed and vaporized when it was heated.

The Southern Nevada Health District investigated the Aria's water system and on August 8, 2011, reported the Aria water system was contaminated with Legionella bacteria. Plaintiffs assert they acquired Legionellosis as a result of consuming the water while staying at the Aria, became seriously ill and incurred damages. Plaintiffs Michael Snider and Travis Snider are the children and heirs of Paul Snider entitled to bring a wrongful death action. Michael Snider as executor of the estate of Paul Snider and individually and Travis Snider assert decedent Paul Snider died as a result of acquiring Legionellosis during his stay at the Aria.

Plaintiffs filed their original complaint (#1) on August 23, 2011, and then filed an amended complaint (#14) on October 28, 2011. Subsequently, Plaintiffs filed the present Motion to Amend Complaint in which they attached a proposed second amended complaint. Defendants filed an opposition. Plaintiffs' reply to Defendant's opposition included the most recent version of a proposed second amended complaint ("the Active proposed amended complaint").

The Active proposed amended complaint names only three defendants: Aria, Tutor Perini Corporation, and Tishman Construction Corporation of Nevada (collectively "Defendants"). It clearly identifies the citizenship of each plaintiff and defendant. Plaintiffs assert claims of negligence against Defendants and claim punitive damages against Aria. Plaintiffs Edmund Propersi, Geraldine Propersi, Ronald Taylor, and Shane Schuldt also assert claims for loss of consortium against Defendants.

**II. Motion to Amend Complaint**

Under the Federal Rules of Civil Procedure Rule 15(a), a party may amend its pleading once as a matter of course. In all other cases a party may amend if the adverse party gives written consent or with leave of the court. Courts should freely grant leave to amend. Fed. R. Civ. P. 15(a). However, a court may deny a proposed amendment which "(1) prejudices the opposing party; (2) is sought in

bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

Defendant's Opposition argued that Plaintiffs' proposed second amended complaint fails to assert complete diversity because the citizenship of each Plaintiff is not identified. However, the Active proposed amended complaint filed in response to Defendant's opposition and attached to Plaintiffs' reply (#44) clearly identifies citizenship. Plaintiffs assert diversity of citizenship exists between all plaintiffs and all defendants. *See* Active Amended Compl. ¶¶ 4-15.

Defendants also assert Plaintiffs' second proposed amended complaint is prejudicial because it names several entities as defendants that had been dismissed or defendants the parties had agreed to dismiss: MGM Resorts International, Project CC, LLC, and CityCenter Holdings, LLC. This issue is cured by the Active proposed amended complaint because all three have been dropped as defendants from that complaint. *See* Active Amended Compl. ¶¶ 13-15.

The Court finds good cause and grants Plaintiffs' motion to amend. Plaintiffs' Active proposed amended complaint does not prejudice Defendants because it cures the defects complained of by Defendants. Plaintiffs shall file the Active proposed amended complaint attached to the Reply (#44) within fourteen (14) days of the entry of this order.

**III. Motion to Dismiss Loss of Consortium Claim**

**A. Standard**

Defendant Aria moves to dismiss plaintiffs' loss of consortium claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). In a motion to dismiss under Rule 12(b)(6) the Court must consider all allegations of fact in the Complaint in the light most favorable to the nonmoving party. *Giligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997). Additionally, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order for a complaint to survive a motion to dismiss under Rule 12(b)(6), "... a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. The court must apply a two-pronged test before dismissing a claim: 1) the court must accept as true all allegations contained in a complaint, but preclude bare recitals of the elements of a cause of action supported by conclusory statements; 2) a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

### B. Analysis

Nevada recognizes a spouse's right to damages for loss of consortium, which covers a variety of intangible interests a spouse has in the welfare of their significant other. *General Electric Co. v. Bush*, 88 Nev. 360, 367, 498 P.2d 366, 370 (1972). Plaintiffs Edmund Propersi, Geraldine Propersi, Evelyn Taylor, and Kyrstyn Shuldt assert they "were deprived of the joys and benefits of their marital relationships." *See* Second Amended Compl. ¶ 92. Plaintiffs' complaint sufficiently asserts they have lost intangible interests in their respective spouses. Accordingly, Aria's mortion to dismiss Plaintiffs' loss of consortium claims is denied.

## IV. Motion to Dismiss Punitive Damages

### A. Standard

Under Nevada law, a plaintiff is entitled to punitive damages after proving by clear and convincing evidence that the defendant has been guilty of expressed or implied oppression, fraud, or malice. *See* N.R.S. 42.005. "'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." *See* N.R.S. 42.001. A claim for punitive damages requires evidence that the defendant acted with a culpable state of mind and that the conduct must exceed mere recklessness or gross negligence. *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 743, 192 P.3d 243, 255 (2008).

### B. Analysis

Plaintiffs assert that the outbreak of Legionnaire's disease is the second instance of Legionnaires in Aria's water system. Plaintiffs assert this demonstrates a conscious disregard of

Aria's business invitees. Aria asserts it had water quality testing procedures in place. Aria also asserts it tested for Legionella and complied with state and local regulatory agencies' standards and guidelines. Aria argues it could not have acted with a culpable state of mind.

Considering the allegations of fact in the light most favorable to the nonmoving party requires the Court to accept Plaintiffs' assertion that this is the second instance of Legionella in Aria's water system. Notwithstanding Plaintiffs' allegation, the complaint does not demonstrate Aria acted with a conscious disregard of the rights and safety of the Plaintiffs. The allegation in the Active proposed amended complaint does not sufficiently allege that Aria acted with a culpable state of mind. Accordingly, Aria's motion to dismiss is granted.

**V. Motion to Dismiss Improper Defendants**

The Active proposed amended complaint supersedes the original complaint and renders the Motion to Dismiss Improper Defendants moot.

**VI. Conclusion**

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Amend Complaint (#32) is **GRANTED**.

IT IS FURTHER ORDERED Defendant Aria's Motion to Dismiss Plaintiffs' Loss of Consortium Claims (#8) is **DENIED**.

IT IS FURTHER ORDERED Defendant Aria's Motion to Dismiss Plaintiffs' Punitive Damages Claim (#9) is **GRANTED, however, the claim is dismissed without prejudice.**

IT IS FURTHER ORDERED the Motion to Dismiss Improper Parties (#7) of Defendants MGM Resorts International, *et al.* is **DENIED as moot**.

Dated this 27th day of July 2012.

_____
Kent J. Dawson
United States District Judge