# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:11-cv-01360-KJD-CWH |
| vs. | ) **ORDER** |
| ARIA RESORT & CASINO, LLC, *et al.*, | ) |
| Defendants. | ) |

    This matter is before the Court on Defendants' Motion to Compel (#56), filed August 30, 2012. Plaintiffs did not file a response to Defendants' motion. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *See* Local Rule ("LR") 7-2(d). Normally, the Court would simply grant the unopposed motion, but, as addressed below, Defendants' motion is scattered and appears to request some forms of relief that the Court finds inappropriate.

    Defendants' appear to request that the Court reconsider its prior order (#46) denying Defendants' motion for a *Lone Pine* order. *See* Defs' Mot. (#56) at n. 2. This apparent request is not supported by any points or authorities and, therefore, Defendants' have consented to its denial. *See* LR. 7-2(d). The mere fact that Defendants may disagree with the prior order is not grounds for reconsideration. A motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). Absent articulated reasoning supporting reconsideration, the Court will not reconsider its prior order denying Defendants' *Lone Pine* request.[1]

---

[1] The Court separately notes that the time for appeal of the undersigned order on Defendants' *Lone Pine* request has passed. *See* LR IB 3-1(a). Thus, any appeal of the order is untimely.

The Court also denies Defendants apparent request for Plaintiffs' counsel to produce all medical records for all plaintiffs.  The request is premised on Defendants misconstrual of the Scheduling Order.  (#48).  The Court did not, as Defendants suggest, order Plaintiffs' counsel to produce all medical records for all plaintiffs by July 9, 2012.  The Order states that "Plaintiffs shall produce all relevant medical records <u>in their possession</u> by July 9, 2012."  *See* Order (#48) at 2:16-17 (emphasis added).  It is entirely possible for Plaintiffs' counsel to have fully complied with the Scheduling Order without having produced all medical records for all Plaintiffs.  Because Defendants request is premised on an incorrect interpretation of the Court's prior order, the Court will not consider any sanction for the alleged failure to comply at this time.

Finally, Defendants request that the Court compel Plaintiffs to comply with their initial discovery obligations set forth in Rule 26(a)(iii) by providing a detailed, accurate computation of damages for each of the named plaintiffs.  Although not entirely clear, it appears the request is made pursuant to Rule 37(a)(3)(A).  The undersigned has reviewed Plaintiffs' initial disclosures and agrees that the computation of damages is inadequate.  *See* Ex. A attached to Defs' Mot. (#56).  Accordingly, the Court will require Plaintiffs to provide an accurate computation of damages, as required by Rule 26(a)(iii), within fourteen (14) days of this order.  The Court will not entertain Defendants request for a preemptory or springing exclusionary sanction under Rule 37(c).  Nevertheless, Defendants are not precluded from requesting at a later time.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (#56) is **granted in part and denied in part**.  Plaintiffs' counsel shall provide Defendants' counsel a computation of damages that is fully compliant with Rule 26(a) by **Thursday, December 13, 2012**.  All other requested relief is denied.

DATED this 28th day of November, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**