1

2

3 **UNITED STATES DISTRICT COURT**

4 **DISTRICT OF NEVADA**

5

6 RONALD TAYLOR, *et al.*,                              )
                                                        )
7                              Plaintiffs,              )      Case No.  2:11-cv-01360-KJD-CWH
                                                        )
8 vs.                                                   )      **ORDER**
                                                        )
9 ARIA RESORT & CASINO, LLC, *et al.*,                  )
                                                        )
10                             Defendants.              )
    _____         )

11

12          This matter is before the Court on Defendants' Motion to Compel (#58), filed September 27,

13 2012; Plaintiffs' Response (#62), filed October 12, 2012; and Defendants' Reply (#65), filed October

   22, 2012.

14

15                                    **BACKGROUND**

16          The initial 266-page complaint was filed on August 23, 2011.  (#1).  Plaintiffs' first motion to

17 amend the complaint was filed on October 28, 2011.  (#14).  A second motion to amend the

18 complaint was filed on May 4, 2012.  (#32).  The Court issued an order on July 27, 2012 granting the

   motion to amend (#32) and addressing several motions to dismiss specific claims and parties.  *See*

19 Order (#52).[1]  Generally speaking, Plaintiffs assert that for varying periods of time between April 24,

20 2011, and July 2, 2011, they were paying guests and business invitees at the Aria Resort & Casino

21 ("Aria") in Las Vegas, Nevada.  Plaintiffs claim that, during the period of time they stayed at the

22 Aria, they were exposed to legionella bacteria in Aria's water supply and contracted Legionellosis.

23 Plaintiffs seek damages based on claims of negligence, breach of contract, wrongful death, and loss of

24 consortium.

25          A proposed discovery plan and scheduling order was filed on May 29, 2012.  (#42).  It was

26 denied on the record at the June 4, 2012 hearing on Defendants' motion for a *Lone Pine* order.  *See*

27

28 _____

          [1]  Currently pending is Plaintiffs' motion to file a third amended complaint which seeks to add a claim
   for punitive damages.  *See* Pls' Mot. (#89).

1  Mins. of Proceedings (#46).  The scheduling order was issued on June 5, 2012.  (#48).

2  Approximately sixty days later, on August 30, 2012, Defendants filed a motion to compel (#56),

3  which was granted in part and denied in part.  *See* Order (#67).  Since that time, the parties have

4  engaged in significant discovery, but have been unable to resolve Defendants' motion to compel

5  (#58).

6  **1.  Motion to Compel (#58)**

7       Alleging a failure to "provide adequate discovery responses" and "to meaningfully engage in

8  the discovery process," Defendants filed their motion to compel (#58) on September 27, 2012.  In the

9  motion, Defendants accuse Plaintiffs of providing "slipshod and evasive" responses to discovery that

10  are "grossly inadequate and fail to advance" the litigation.  Defendants provide a list of several

11  interrogatories and requests for production, attached as exhibits but not specifically delineated within

12  the body of the motion, to which Plaintiffs responded that Defendants should "see medical records

13  previously provided."  According to Defendants, this "blanket direction" is not an adequate response

14  because it lacks sufficient detail and is akin to an admission that there is no documentation to support

15  the alleged injury claims.  The response is, according to Defendants, an attempt by Plaintiffs to avoid

16  their basic discovery requirements and subvert the discovery effort.  Defendants request an order

17  compelling full and sufficient responses along .

18       Additionally, Defendants assert that they requested a computation of damages in the

19  propounded interrogatories and received insufficient, cursory medical summaries.  *See* Ex. O attached

20  to Defs' Mot. (#58).  Defendants acknowledge that Plaintiffs' counsel sent an explanatory email

21  along with the medical summaries, but request that the Court compel "provide an actual summary of

22  special damages" or preclude the Plaintiffs from bringing any claims for special damages.

23       Defendants also assert that they "propounded numerous pointed discovery requests regarding

24  Plaintiffs' social media activities subsequent to their alleged injuries" including a request to explain

25  what efforts were undertaken in order to respond to the various request.  Plaintiffs objected based on

26  privilege and the attorney work product doctrine, but did not provide a privilege log.  Defendants

27  speculate that no log was created because no efforts were made to determine whether responsive

28  information existed.  Defendants are adamant that the discovery requests are not a fishing expedition

1    and request an order compelling complete responses to the discovery requests and a privilege log.

2    Alternatively, Defendants ask that the Court compel Plaintiffs to execute "Facebook and MySpace

3    waivers."

4         Defendants also request that Plaintiffs, in addition to the HIPAA releases already provided,

5    execute "Employment Authorization and I.R.S. Authorization for any Plaintiff alleging to have

6    contracted Legionnaires' disease and/or Pontiac Fever."  Defendants request that the Court compel

7    Plaintiffs to execute the outstanding authorizations or be sanctioned in the form of striking special

8    damages.

9         Lastly, Defendants assert that the alleged problems they have pointed to have occurred

10   because of a systemic failure by Plaintiffs to take discovery seriously.  This failure, according to

11   Defendants, stems from the obvious fact that there are no damages in this case.  Citing Fed. R. Civ. P.

12   37(b) and (c), Defendants assert that the only way to remedy the alleged discovery failures is for the

13   Court to enter a *Lone Pine* order and award the fees and costs associated with bringing this motion.

14   **2. Plaintiffs' Response (#62)**

15        Plaintiffs' argument in opposition to the motion to compel is straightforward.  They claim that

16   Defendants' counsel did not adequately meet and confer before filing the motion.  Plaintiffs' counsel

17   acknowledges a preliminary discussion with opposing counsel regarding the alleged deficiencies, but

18   was not aware an impasse had been reached until the motion was filed.  Plaintiffs' counsel argues that

19   the motion short-circuited what was an ongoing discussion regarding the alleged deficiencies.

20   Counsel assures the Court he remains willing to work to resolve the conflicts without resort to court

21   intervention.  Consequently, Plaintiffs request that the motion be denied without prejudice so that the

22   parties can resolve the dispute.

23   **3. Defendants' Reply (#64)**

24        Defendants reply that the attempt to characterize the motion as premature is really an attempt

25   to distract the court from Plaintiffs' failure to address the specific deficiencies.  Further, defense

26   counsel asserts that he had two separate conversations with Plaintiffs' counsel regarding the

27   inadequacy of the responses, which is sufficiently compliant with the meet and confer requirements.

28

1   **4. Status Reports (#83) and (#84)**

2       Based on the parties stipulation (#79) to extend discovery, it appeared as though this motion

3   was moot. Consequently, the Court requested that the parties submit a written joint status report

4   outlining what issues, if any, remained unresolved from the motion. *See* Min. Order (#82). The

5   parties were unable to agree on the terms or language of the stipulation so separate status reports were

6   submitted. *See* Pl.'s Status Rpt. (#84) and Defs' Status Rpt (#83). Needless to say, the parties have

7   conflicting views as to what issues, if any, remain.

8   **DISCUSSION**

9   **1. Prerequisites for Judicial Consideration**

10      **A. Meet and Confer**

11       Plaintiffs' response (#62) sets forth the singular argument that the motion should be denied

12   because defense counsel failed to adequately meet and confer prior to filing the motion. Both the

13   meet and confer requirement of Rule 37 and the personal consultation requirement of Local Rule

14   ("LR") 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court

15   and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal,

16   extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.

17   Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve

18   issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is

19   sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a

20   substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To

21   do so,

22             [t]he parties must present to each other the merits of their respective positions
23             with the same candor, specificity, and support during the informal negotiations
              as during the briefing of discovery motions. Only after the cards have been laid
24             on the table, and a party has meaningfully assessed the relative strengths and
              weaknesses of its position in light of all available information, can there be a
25             "sincere effort" to resolve the matter.

26   *Id*.

       The seminal case in this District addressing the meet and confer requirements is *Shuffle Master,*
27
   *Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996). *Shufflemaster* identifies two prongs
28

4

1  that must be met for the meet and confer requirement of Rule 37.  The certification requirement requires

2  the moving party to certify that it has attempted to "personally resolve the discovery dispute." *Shuffle*

3  *Master*, 170 F.R.D. at 170.  This is generally accomplished by the attachment of an affidavit certifying

4  such.  Practically speaking, it is rare for a moving party to fail to provide the certification.  Where

5  moving parties usually fall short is the performance requirement.  *Id*.  The moving party must move

6  beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to

7  enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith

8  conferment between the parties."  *Id*. at 171.  A good faith attempt requires more than "the perfunctory

9  parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through

10  non judicial means."  *Id*.  Doing so accomplishes the underlying policy of Rule 37(a)(1).  The personal

11  consultation requirement of LR 26-7(b) is closely associated with the meet and confer requirement.  The

12  moving party must make a personal effort to resolve the dispute or present compelling circumstances

13  why personal consultation was precluded.

14         The Court has reviewed the material submitted by the parties and, although a close call, is

15  satisfied that Defendants' counsel has complied with the meet and confer requirements of Federal Rule

16  of Civil Procedure 37 and the personal consultation requirement of LR 26-7(b).

17         **B.  Local Rule 26-7(a)**

18         A more glaring deficiency in Defendants' motion is the failure to comply with LR 26-7(a), which

19  requires the moving party to "set forth in full the text of the discovery originally sought and the response

20  thereto, if any."  Defendants have simply attached the propounded discovery and responses as exhibits.

21  Generally speaking, this is insufficient to satisfy the requirements of LR 26-7(a).  *See Argarwal v.*

22  *Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev.) (denying a motion to compel for failure to comply

23  with procedural requirements including those in LR 26-7(a)); *but see U-Haul Co. of Nevada, Inc. v.*

24  *Gregory J. Kamer, Ltd.*, 2013 WL 1249706 (the Court acknowledged the failure to comply with LR 26-

25  7(a), but exercised its discretion to address the motion).  Practically speaking, the failure to comply with

26  LR 26-7(a) improperly shifts the burden to the Court to sift through and root for issues that should be

27  clear on the face of a discovery motion.  As noted in *Argarwarl*, "'judges are not like pigs hunting for

28  truffles buried in briefs' and it is not the responsibility of the judiciary 'to sift through scattered papers in

1   order to manufacture arguments for parties.'" *Argarwal*, 2013 WL 211093 *3.  The irony of Defendants'

2   failure to comply with LR 26-7(a) is the claim that Plaintiffs improperly responded to several discovery

3   requests by pointing to prior disclosures without specificity.  In other words, Defendants object to being

4   asked to sift through documents to obtain answers to their discovery requests.  The Court sympathizes.

5        The motion also fails because Defendants have failed to include enough information to permit a

6   reasoned decision.  Certainly, a party responding to interrogatories may answer by producing records.

7   Fed. R. Civ. P. 33(d).  As stated in the rule, the responding party must specify "the records that must be

8   reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the

9   responding party could."  *See* Fed. R. Civ. P. 33(d)(1). The responding party must also give the

10  interrogating party "a reasonable opportunity" to examine the records.  *See* Fed. R. Civ. P. 33(d)(2).

11  "The proper way to use Rule 33(d) is to offer records in a manner that permits the same direct and

12  economical access that is available to the responding party."  *Donnell v. Fidelity Nat. Title Agency of*

13  *Nevada, Inc*., 2012 WL 1118944 *6 (D. Nev.) (citations omitted).  A party using Rule 33(d) in response

14  to an interrogatory must "specify where in the records that answers can be found."  *Id*. (citing *Rainbow*

15  *Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).

16       Defendants have simply stated the production was insufficient without providing the full

17  substance of the response.  The sufficiency of a discovery response is a decision for the Court.

18  Unilaterally declaring the response inadequate and failing to bring the full response, including the

19  documents disclosed and any accompanying explanation, to the Court for consideration makes it difficult

20  for the Court to determine whether the response was adequate and precludes consideration of the motion.

21  The motion simply does not contain the information necessary to make the determination requested.

22       Ultimately, in an effort to castigate Plaintiffs and color their discovery responses as "evasive and

23  slipshod," Defendants have engaged in the very behavior of which they complain.  It is difficult to

24  conclude that the discovery dispute at issue could not be solved without resort to court intervention.  It is

25  equally difficult to conclude that the motion, in its current form, should be considered due to the severe

26  procedural and substantive deficiencies.

27  **2. Computation of Damages**

28       Defendants claim that Plaintiffs have not provided an adequate computation of damages.  This

1  request is moot because it is duplicative of Defendants' prior motion to compel (#56), which the Court

2  granted ordering Plaintiffs to provide an accurate computation of damages. *See* Order (#67).

3  Additionally, to the extent Defendants now seek an order declaring the disclosures made pursuant to

4  order (#67) insufficient, the request is denied. Defendants are free to file a motion if they feel Plaintiffs

5  did not comply with the prior order. The Court will not, however, consider the request based on

6  inclusion in the status report.

7  **3.  Waivers**

8      Defendants request that the Court compel Plaintiffs to sign certain waivers. Defendants have not

9  identified any propounded discovery where such waivers were requested. Nor have they identified any

10  law which would require Plaintiffs to sign the waivers. Consequently, the request will be denied.

11  **4.  Defendants' Requested Relief**

12      The true purpose for Defendants' motion (#58) appears rooted in the continued effort to secure a

13  *Lone Pine* order. This despite both the original request and a subsequent request for *Lone Pine* order

14  being denied. *See* Mins. of Proceedings (#46) (denying original motion on the record); Order (#67)

15  (denying motion for reconsideration). The additional request for a *Lone Pine* order set forth in

16  Defendants' motion (#58) is based on the claim that the perceived discovery deficiencies confirm what

17  "has been apparent" from the outset of the litigation - there is no medical support for the claims.

18  According to Defendant, only a *Lone Pine* order is capable of sending the message they seek to send.

19      The Court is weary of Defendants continued attempts to relitigate the request for a *Lone Pine*

20  order. The request was initially denied and has been denied on reconsideration. It appears that this

21  request is made pursuant to Rule 37(b). Sanctions under Rule 37(b) normally attach to a failure to

22  comply with a court order. At the time Defendants' motion (#58) was filed, there was no court order

23  upon which Rule 37(b) sanctions could be predicated. Defendants also appear to cite Rule 37(c) as a

24  potential basis for the *Lone Pine* sanction request, but completely fail to set forth the standards for Rule

25  37(c) sanctions. Despite the apparent belief, the Court is not an extension of defense counsel's research

26  efforts. Attorneys are expected brief motions and provide points and authorities in support of the relief

27  requested. That has not been done here. Pursuant to LR 7-2(d), "[t]he failure of a moving party to file

28  points and authorities in support of the motion shall constitute a consent to the denial of the motion."

1

**CONCLUSION**

2   Significant time has passed between when this motion was originally filed and this order, which

3   is limited to the material set forth in the original motion.   Presumably, much additional discovery has

4   been done, including providing supplemental responses.  No party is precluded from bringing whatever

5   additional motions they deem necessary in light of discovery and supplements.

6   Based on the foregoing and good cause appearing therefore,

7   **IT IS HEREBY ORDERED** that Defendants' Motion to Compel (#58) is **denied**.  Each party

8   shall bear its own fees and costs in relation to this motion.

9   DATED: May 29, 2013.

10

11

12   _____
C.W. Hoffman, Jr.
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28