# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD TAYLOR et al., | Case No. 2:11-cv-01360-APG-CWH |
| Plaintiffs, | |
| v. | **ORDER GRANTING LEAVE TO AMEND** |
| MGM RESORTS INTERNATIONAL et al., | |
| Defendants. | |

Pending before the court is the motion for leave to file a Third Amended Complaint (the "Motion"). (Dkt. No. 89.) The Motion was filed on April 29, 2013 by plaintiffs Ronald Taylor, Evelyn Taylor, Edmund Propersi, Geraldine Propersi, Shane Schuldt, Kyrsten Schuldt, Maureen Wooley, Jovita Stewart, Nicholas Garcia, Teresa Hagiya, and Aubrey Hill (the "Represented Plaintiffs"). The other plaintiffs are Virginia Osborn, Michael Snider (in his own right and as executor of the estate of Paul Snider), and Travis Snider (the "Pro Se Plaintiffs"). The Pro Se Plaintiffs did not file any papers in relation to the Motion. Defendant Aria Resort & Casino, LLC ("Aria," the only remaining defendant in the case) responded on May 13 and the Represented Plaintiffs replied on May 23. (Dkt. Nos. 91, 93.)

The court heard the Motion on June 11, 2013, the time at which all parties were ordered to appear. (Dkt. No. 109.) The court authorized the Pro Se Plaintiffs to appear telephonically but they declined to do so. (Dkt. Nos. 111, 112.) At the hearing, counsel for the Represented Plaintiffs indicated that the Pro Se Plaintiffs seemed to have stopped participating in the case.

(Dkt. No. 112.) On June 14, the court ordered all parties to file briefs proposing how the court should proceed with regard to the Pro Se Plaintiffs. (Dkt. No. 113.)

The Represented Plaintiffs filed a brief stating that they take "no position" regarding the Pro Se Plaintiffs. (Dkt. No. 114.) Aria responded that the Pro Se Plaintiffs have failed to participate in the action and that the court should dismiss their claims with prejudice if they do not timely file an amended complaint. (Dkt. No. 115.)

Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The district court's discretion to grant leave to amend is guided by various factors, including "bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted). Although "[t]he court's discretion to deny such leave is particularly broad where the plaintiff has previously amended its complaint," *id.* (internal quotation marks and citation omitted), the court heeds the Ninth Circuit's instruction to apply Rule 15's policy of favoring amendments with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The court determines that the Motion was not filed in bad faith or because of undue delay, and granting leave to amend does not unduly prejudice Aria. In light of the "extreme liberality" with which leave to amend should be granted, the court grants the Motion.

As to the Pro Se Plaintiffs, the court has given them ample opportunity to pursue their claims against Aria, and they appear to have abandoned those claims by stopping all participation in the case. (*See* Dkt. No. 115.) The court offers them one final chance to participate in this case, as set forth below.

Accordingly, the court ORDERS:

1. The Motion is granted. Represented Plaintiffs have 14 days from the date of entry of this order to file their Third Amended Complaint (Dkt. No. 55).

2. The Pro Se Plaintiffs must file their own amended complaint within 30 days of the date of entry of this order, asserting their continued interest in pursuing their claims. If the Pro Se Plaintiffs do not meet this deadline, the court will dismiss their claims.

DATED this 11th day of July, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE