1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RONALD TAYLOR, *et al*,

                  Plaintiffs,

      v.

ARIA RESORT & CASINO, LLC, *et al.*,

                  Defendants.

Case No. 2:11-cv-01360-APG-CWH

**ORDER GRANTING DEFENDANT ARIA RESORT & CASINO, LLC'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF AUBREY HILL**

**[Dkt. 144]**

11
12
13
14
15
16
17
18
19
20

     Plaintiff Aubrey Hill claims to have contracted Legionnaire's disease during her stay at the Aria Resort and Casino in Las Vegas, Nevada.  However, as demonstrated in Aria's Motion for Summary Judgment, Hill's treating physician testified that he did not believe that she contracted Legionnaires' disease. (Dkt. 144-2 at 6, 10, 11.)  Likewise, Aria's medical expert, Victor L. Yu, M.D., opined to a reasonable degree of medical certainty that Hill did not contract any form of Legionellosis, whether it be Legionnaires' disease or Pontiac Fever. (Dkt. 144-3 at 1.) Hill has failed to provide any diagnostic testing results or medical expert opinions to contradict the conclusions of her own treating physician and the opinion of Dr. Yu.  Furthermore, Hill has failed to designate any expert in this action, including any medical expert to opine that she contracted an illness as a result of her stay at Aria.

21
22
23
24
25
26
27

     The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted).  In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

28

1   On the other hand, where reasonable minds could differ on the material facts at issue, summary

2   judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

3
        A party asserting that a fact cannot be or is genuinely disputed must support the
        assertion by:
4

5           (A) citing to particular parts of materials in the record, including
                depositions, documents, electronically stored information, affidavits
6               or declarations, stipulations (including those made for purposes of the
                motion only), admissions, interrogatory answers, or other materials;
7               or

8
            (B) showing that the materials cited do not establish the absence or
9               presence of a genuine dispute, or that an adverse party cannot produce
                admissible evidence to support the fact.
10

    Fed. R. Civ. P. 56(c)(1)(A), (B).

11
        In deciding a motion for summary judgment, the court applies a burden-shifting analysis.
12
    "When the party moving for summary judgment would bear the burden of proof at trial, 'it must
13
    come forward with evidence which would entitle it to a directed verdict if the evidence went
14
    uncontroverted at trial.'... In such a case, the moving party has the initial burden of establishing
15
    the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*
16
    *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations
17
    omitted).   In contrast, when the nonmoving party bears the burden of proving the claim or
18
    defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate
19
    an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party
20
    failed to make a showing sufficient to establish an element essential to that party's case on which
21
    that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-
22
    325 (1986).
23
        If the moving party satisfies its initial burden, the burden shifts to the opposing party to
24
    establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*
25
    *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a genuine dispute of
26
    material fact, the opposing party need not establish a genuine dispute of material fact conclusively
27
    in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to
28

2

resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Here, Hill has not opposed Aria's motion for summary judgment. She has offered no fact or medical opinion to support her allegation that she contracted Legionnaires' disease or Pontiac Fever (or any other injury or illness) while staying at Aria. "[M]edical expert testimony regarding standard of care and causation must be stated to a reasonable degree of medical probability." *Morsicato v. Sav-On Drug Stores, Inc.,* 121 Nev. 153, 158, 111 P.3d 1112, 1116 (2005). *See also Brown v. Capanna,* 105 Nev. 665, 671–72, 782 P.2d 1299, 1304 (1989) (testimony regarding causation must conform to the reasonable degree of medical probability standard). Nor has she offered any facts to contradict those set forth in the motion. Because Hill cannot prove her allegations, she cannot prevail on her claims. Therefore, Aria is entitled to summary judgment.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1

2

3

**IT IS HEREBY ORDERED** that Defendant Aria's motion for summary judgment against Plaintiff Aubrey Hill is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Aria and against Hill accordingly.

4

5

Dated:  September 26, 2014.

6

7

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28