VICTORIA L. ERSOFF
*Pro Hac Vice* (California State Bar No. 161795)
KEITH E. SMITH
*Pro Hac Vice* (California State Bar No. 244505)
ANTHONY WONG
(Nevada Bar No. 12899)
WOOD, SMITH, HENNING & BERMAN LLP
7674 West Lake Mead Boulevard, Suite 150
Las Vegas, Nevada 89128-6644
Telephone: 702 251 4100
Facsimile: 702 251 5405

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD TAYLOR, et al., | CASE NO.: Case No. 2:11-cv-01360-APG-CWH |
| Plaintiffs, | |
| v. | |
| MGM RESORTS INTERNATIONAL, et al., | **STIPULATION AND ORDER RE: MOTIONS IN LIMINE AND INTRODUCTION OF CERTAIN EVIDENCE** |
| Defendants. | |

## STIPULATION AND ORDER RE: MOTIONS IN LIMINE AND

## INTRODUCTION OF CERTAIN EVIDENCE

WHEREAS, counsel for Plaintiffs Teresa Hagiya, Shane Schuldt, Krystyn Schuldt, and Maureen Wooley ("Plaintiffs") and counsel for Defendant Aria Resort & Casino, LLC ("Defendant") exchanged proposed lists of Motions in Limine to be filed in this action.

WHEREAS, counsel for Plaintiffs and Defendant further participated in multiple meet and confer discussions to reach certain agreements on the proposed Motions in Limine to be filed by each party.

WHEREAS, Plaintiffs and Defendant have reached stipulations as to many of the proposed Motions in Limine, thereby avoiding the need for either side to file certain Motions in Limine and

///

LEGAL:05488-0222/4500738.1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ◆ FAX 702 251 5405

1  hereby enter into this Stipulation in order to confirm and memorialize the agreements reached by

2  the parties.

3        Accordingly, Plaintiffs, by and through their counsel of record, the Nettles Law Firm, Jules

4  Zacher, P.C., and Behnke, Martin & Schulte, LLC, and Defendant, by and through its counsel of

5  record, the law firm of Wood, Smith, Henning & Berman, LLP, hereby submit their Stipulation as

6  provided below:

### STIPULATIONS RE: DEFENDANT'S PROPOSED MOTIONS IN LIMINE

7

8        1.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

9  admit any evidence of Plaintiffs' attorney's work product in the form of a chart summarizing any

10  Legionella testing results.  (See, Exhibit P6 to Deposition Transcript of Dr. Middaugh and others.)

11       2.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

12  admit any evidence that 1 CFU/mL of Legionella bacteria is too high.

13       3.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

14  admit any evidence of other claims or cases of Legionnaires' disease or Pontiac Fever at MGM

15  Resorts International properties.

16       4.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

17  admit any evidence of claims or cases of Legionnaires' disease or Pontiac Fever pertaining to any

18  non-parties to this action.

19       5.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

20  admit any evidence of any perceived conflict of interest by Timothy Jones.

21       6.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

22  admit any evidence that Defendant Aria owed Plaintiffs and any patron the "highest" duty of care.

23       7.      Defendant requests a jury site view of the potable water supply at the Aria Resort &

24  Casino.  Plaintiff does not object to a jury site view, however, Plaintiffs request that certain

25  information, including Defendant's subsequent remedial measures, be shared with the jury at the

26  time of the site view.  Defendant objects to this request.  The parties are currently working to agree

27  upon any instruction provided to the jury as part of the site view.

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

8.     Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence that the Southern Nevada Health District guidelines were mandatory or that Defendant was required to comply with the Southern Nevada Health District guidelines.

9.     Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence of Defendant's wealth, size, financial condition and ability to pay.

10.     Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence of other pending claims or cases of either Legionnaires' disease or Pontiac Fever against Defendant.

11.     Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence regarding any previously dismissed defendant, including but not limited to, (1) MGM Resorts International, (2) Dubai World, (3) Infinity World Holding Limited, (4) Infinity World (Cayman) L.P., (5) Infinity World Cayman Investments Corporation, (6) Infinity World Investments, (7) Infinity World Investments, LLC, (8) Mirage Resorts, Incorporated, (9) Project CC, LLC, (10) Infinity World Development Corp., (11) CityCenter Holdings, LLC, (12) CityCenter Land, LLC, (13) Aria Resort & Casino Holdings, LLC d/b/a Aria Resort & Casino, (14) Tutor Perini Corporation, (15) Tishman Construction Corporation of Nevada, and (16) Pelli Clarke Pelli Architects, Inc., all as Defendants.

12.     Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence of any loss of earnings, wages, or loss of earning capacity for any plaintiff in this action. However, Plaintiffs reserve the right to present evidence of loss of time from work as part of their claim for general damages.

13.     Plaintiffs and Plaintiffs' counsel agree not to call either Esteban Cabello or Robert Hulsey as witnesses in this action.

## STIPULATIONS RE: PLAINTIFFS' PROPOSED MOTIONS IN LIMINE

14.     Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or seek to admit any evidence of Legionella testing at Fort McMurray Queen Street Building. (See, Exhibit 7 to deposition transcript of Maureen Wooley.)

15.     Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

1  seek to admit any evidence of outdoor safety for residents of Alberta, Canada.  (See, Exhibit 6 to

2  deposition transcript of Maureen Wooley.)

3       16.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

4  seek to admit any evidence of Plaintiff Shane Schuldt's misdemeanor arrest record.  However,

5  Defendant reserves the right to admit evidence of any felony conviction by Plaintiff Shane

6  Schuldt.

7       17.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

8  seek to admit any evidence of prior motor vehicle accidents of Plaintiff Shane Schuldt and any

9  attendant litigation.

10       18.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

11  seek to admit any evidence of a Facebook posting in 2011 referring to "Legionnaires' disease, but

12  it sounds like a late night herpes commercial".  (See, Deposition Transcript of Plaintiff Shane

13  Schuldt at pp. 32-33, lines 20-13.)  However, Defendant reserves the right to admit evidence of

14  other Facebook postings by Plaintiff Shane Schuldt pertaining to his alleged contraction of

15  Legionnaires' disease and his stay at the Aria Resort & Casino, to the extent such postings exist.

16       19.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

17  seek to admit any evidence of Plaintiff Shane Schuldt's demand of $5 trillion.  (See, Deposition

18  Transcript of Plaintiff Shane Schuldt at p. 116, lines 5-20.)

19       20.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

20  seek to admit any evidence of Plaintiffs' medical bills being on lien or unpaid or paid by insurance.

21       21.    Defendant, Defendant's counsel, and Defendant's witnesses and Plaintiffs,

22  Plaintiffs' counsel, and Plaintiffs witnesses shall not refer to or seek to admit any evidence of the

23  out-of-state residency of any counsel in this action.

24       22.    Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

25  seek to admit any evidence that Plaintiffs' recovery is or is not subject to tax assessment.

26       23.    Defendant, Defendant's counsel, and Defendant's witnesses and Plaintiffs,

27  Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence from

28  any expert that exceeds those opinions set forth in any report authored by such expert and any

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

opinion provided at the expert's deposition. This stipulation does not impact or waive in any way whatsoever Defendant's objections to any opinion proffered by any of Plaintiffs' experts, but simply provides an outermost limit of the scope of such expert opinion.

**IT IS SO STIPULATED.**

DATED this 14ᵗʰ day of May, 2015.

DATED this 14 day of May, 2015.

Wood, Smith, Henning & Berman, LLP

Jules Zacher, P.C.

By _____

_____

VICTORIA L. ERSOFF
Pro Hac Vice
KEITH E. SMITH
Pro Hac Vice
ANTHONY WONG
Nevada Bar No. 12899
7674 West Lake Mead Blvd.
Las Vegas, Nevada 89128
Tel: (702) 251-4100
Fax: (702) 251-5405
*Attorneys for Defendant Aria Resort &
Casino, LLC*

JULES ZACHER, ESQ.
Pro Hac Vice
Jules Zacher, P.C.
1601 Walnut Street, Suite 707
Philadelphia, Pennsylvania 19102
Tel: (215) 988-0160
Fax: (215) 988-0169
*Attorneys for Plaintiffs*

Pursuant to the above stipulation by the parties, and good cause appearing, the Court rules as follows:

**IT IS HEREBY ORDERED** that:

1.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence of Plaintiffs' attorney's work product in the form of a chart summarizing the Legionella testing results. (See, Exhibit P6 to Deposition Transcript of Dr. Middaugh and others.)

///

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ◆ FAX 702 251 5405

1    2.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

2   admit any evidence that 1 CFU/mL of Legionella bacteria is too high.

3    3.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

4   admit any evidence of other claims or cases of Legionnaires' disease or Pontiac Fever at MGM

5   Resorts International properties.

6    4.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

7   admit any evidence of claims or cases of Legionnaires' disease or Pontiac Fever pertaining to any

8   non-parties to this action.

9    5.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

10   admit any evidence of any perceived conflict of interest by Timothy Jones.

11    6.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

12   admit any evidence that Defendant Aria owed Plaintiffs and any patron the "highest" duty of care.

13    7.    Plaintiffs and Defendant agree and jointly request a jury site view of the potable

14   water supply at the Aria Resort & Casino.  However, the parties have a disagreement on the

15   context of such site view as Plaintiffs request that certain information, including Defendant's

16   subsequent remedial measures, be shared with the jury.  The parties are currently working to agree

17   upon any instruction provided to the jury as part of the site view.

18    8.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

19   admit any evidence that the Southern Nevada Health District guidelines were mandatory or that

20   Defendant was required to comply with the Southern Nevada Health District guidelines.

21    9.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

22   admit any evidence of Defendant's wealth, size, financial condition and ability to pay.

23    10.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

24   admit any evidence of other pending claims or cases of either Legionnaires' disease or Pontiac

25   Fever against Defendant.

26    11.    Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

27   admit any evidence regarding any previously dismissed defendant, including but not limited to, (1)

28   MGM Resorts International, (2) Dubai World, (3) Infinity World Holding Limited, (4) Infinity

1 World (Cayman) L.P., (5) Infinity World Cayman Investments Corporation, (6) Infinity World

2 Investments, (7) Infinity World Investments, LLC, (8) Mirage Resorts, Incorporated, (9) Project

3 CC, LLC, (10) Infinity World Development Corp., (11) CityCenter Holdings, LLC, (12)

4 CityCenter Land, LLC, (13) Aria Resort & Casino Holdings, LLC d/b/a Aria Resort & Casino,

5 (14) Tutor Perini Corporation, (15) Tishman Construction Corporation of Nevada, and (16) Pelli

6 Clarke Pelli Architects, Inc., all as Defendants.

7        12.      Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to

8 admit any evidence of any loss of earnings or loss of earning capacity for any plaintiff in this

9 action.  However, Plaintiffs reserve the right to present evidence of loss of time from work as part

10 of their claim for general damages.

11        13.      Plaintiffs and Plaintiffs' counsel shall not to call either Esteban Cabello or Robert

12 Hulsey as witnesses in this action.

13        14.      Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

14 seek to admit any evidence of Legionella testing at Fort McMurray Queen Street Building.  (See,

15 Exhibit 7 to deposition transcript of Maureen Wooley.)

16        15.      Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

17 seek to admit any evidence of outdoor safety for residents of Alberta, Canada.  (See, Exhibit 6 to

18 deposition transcript of Maureen Wooley.)

19        16.      Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

20 seek to admit any evidence of Plaintiff Shane Schuldt's misdemeanor arrest record.  However,

21 Defendant reserves the right to admit evidence of any felony conviction by Plaintiff Shane

22 Schuldt.

23        17.      Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

24 seek to admit any evidence of prior motor vehicle accidents of Plaintiff Shane Schuldt and any

25 attendant litigation.

26        18.      Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

27 seek to admit any evidence of a Facebook posting in 2011 referring to "Legionnaires' disease, but

28 it sounds like a late night herpes commercial".  (See, Deposition Transcript of Plaintiff Shane

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ◆ FAX 702 251 5405

1   Schuldt at pp. 32-33, lines 20-13.)  However, Defendant reserves the right to admit evidence of

2   other Facebook postings by Plaintiff Shane Schuldt pertaining to his alleged contraction of

3   Legionnaires' disease and stay at the Aria Resort & Casino to the extent such postings exist.

4        19.     Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

5   seek to admit any evidence of Plaintiff Shane Schuldt's demand of $5 trillion.  (See, Deposition

6   Transcript of Plaintiff Shane Schuldt at p. 116, lines 5-20.)

7        20.     Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

8   seek to admit any evidence of Plaintiffs' medical bills being on lien or unpaid or paid by insurance.

9        21.     Defendant, Defendant's counsel, and Defendant's witnesses and Plaintiffs,

10  Plaintiffs' counsel, and Plaintiffs witnesses shall not refer to or seek to admit any evidence of the

11  out-of-state residence of any counsel in this action.

12       22.     Defendant, Defendant's counsel, and Defendant's witnesses shall not refer to or

13  seek to admit any evidence that Plaintiffs' recovery is or is not subject to tax assessment.

14       23.     Defendant, Defendant's counsel, and Defendant's witnesses and Plaintiffs,

15  Plaintiffs' counsel, and Plaintiffs' witnesses shall not refer to or seek to admit any evidence from

16  any expert that exceeds those opinions set forth in any report authored by such expert and any

17  opinion provided at the expert's deposition.  This stipulation does not impact or waive in any way

18  whatsoever Defendant's objections to any opinion proffered by any of Plaintiffs' experts, but

19  simply provides an outermost limit of the scope of such expert opinion.

20  **IT IS SO ORDERED.**

21       DATED this 18th   day of May, 2015.

22

23

24                   UNITED STATES DISTRICT JUDGE

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405