UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.  2:11-cv-01360-APG-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ARIA RESORT & CASINO, LLC, ) | |
| ) | |
| Defendants. ) | |

  This matter is before the Court on Plaintiffs' Motion to Appear Telephonically (#204), filed June 1, 2015, and Defendant's Response (#206), filed June 2, 2015.

  By way of this motion, several plaintiffs seek leave to appear telephonically at the mandatory settlement conference scheduled for June 8, 2015.  The request is premised on the arguments that (1) their presence is not necessary to an effective settlement conference, (2) they reside outside of Nevada, (3) some are "elderly" and have difficulty traveling, and (4) the plaintiffs have participated in several other alternative dispute resolution proceedings telephonically without objection. Characterizing the request as misleading, Defendant asks that the motion be denied and the moving plaintiffs required to personally attend the settlement conference.  Defendant notes that none of the moving plaintiffs has personally appeared at any prior alternative dispute resolution proceeding. They further note that the allegedly "elderly" plaintiffs are 55 and 67 and have not demonstrated an inability or difficulty in traveling.

  Federal Rule of Civil Procedure 16(c)(1) provides that "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."  Settlement conferences are, generally, more productive when the principals are

present and are "vital to the judicial process[.]" *CLM Partners, LLC v. Fiesta Palms, LLC*, 2013 WL 6388760 (D. Nev.).  The Court is not persuaded that any of the moving plaintiffs is "elderly," and agrees that there has been nothing presented to support the notion either has difficulty traveling.  To the contrary, it is represented that both plan to attend the upcoming trial.  Nor is the Court persuaded that the mere fact of prior alternative dispute resolution proceedings supports the request for leave.  It does not appear that any of the moving plaintiffs has attended any prior alternative dispute resolution proceeding, which further underscores the need for their attendance here.  Personal presence at settlement conferences by litigants is important for many reasons.  The undersigned's experience is that settlement is far more likely when litigants are personally present to evaluate settlement.  Ultimately, given the extensive background and nature of this particular case, the undersigned concludes that the personal presence of all parties is necessary.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appear Telephonically (#204) is **denied**.

DATED: June 3, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**